SOLOMON HYMAN ET AL. v. CHARLOTTE ROLLINS, ADM'X.

1. SET-OFF. *Suit against administrator. Estate. Application of assets.*

In an action at law against an administratrix on notes executed by the intestate (her husband), where the defendant proves the delivery to plaintiffs of cotton raised by deceased sufficient to pay the notes, plaintiffs cannot meet this by proof that they had an unprobated account against deceased, the amount not stated, and also an account against his widow and children contracted after his death, and that by consent of the widow and children (one of whom was a minor) the cotton had been received in settlement of these accounts, leaving the notes unpaid.

2. SAME. *Right of infant distributee. Power of court of law.*

Whatever the right of plaintiffs against the widow and adult distributees, or what would have been the result if plaintiffs had offered to show that they had received the cotton in satisfaction of a valid debt against the *estate*, is not decided. Because of the interest of the infant in the estate, which cannot be protected in such a case in a court of law, the agreement to apply the cotton belonging to it to a debt due by the widow and adult distributees, leaving the notes a charge on the estate, cannot be enforced.

FROM the circuit court of Lincoln county.

HON. J. B. CHRISMAN, Judge.

Appellants, Hyman Bros., brought suit in the court below against appellee, Charlotte Rollins, administratrix of the estate of Peter Rollins, her deceased husband, to enforce payment of two promissory notes executed by the deceased, one dated August 25, 1888, and the other January 18, 1889. Defendant pleaded the general issue, relying on the statute authorizing her in her representative capacity to make any defense thereunder. On the trial, May 9, 1892, plaintiffs introduced in evidence the two notes, which had been duly probated, and rested.

Thereupon, the defendant, in the language of the bill of exceptions, "introduced several witnesses whose evidence showed that Peter Rollins, the defendant's intestate, died

August 9, 1889, and that after his death, on the 18th of May, 1891, letters of administration were granted defendant on his estate; that before, letters of administration were granted defendant on the estate, the defendant, Charlotte Rollins, the widow of the decedent, and John Rollins, his son, delivered to the plaintiffs cotton of the crop of 1889, raised on the farm of said Peter Rollins, and by him grown before he died, largely more than sufficient in value to satisfy and pay the notes sued upon, and that at the time of the delivery they directed plaintiffs to appropriate the cotton to the payment of the debt due them from Peter Rollins, deceased." Defendant then rested.

Plaintiffs, in rebuttal, offered to show that Peter Rollins, at the time of his death, was indebted to them on account for supplies advanced for the year 1889 to make a crop, and that the cotton received by them was appropriated in satisfaction of this account, and of a debt contracted by the widow and children of the deceased after his death; that such appropriation was made by consent of the widow and children, one of whom was a minor; that the cotton was only sufficient in value to liquidate said indebtedness; that this was done to avoid the necessity of taking out letters of administration upon the estate; that plaintiffs were the only creditors of said Peter Rollins, who owed no debts except said account and the notes in suit. The said account had never been probated, and the twelve months within which creditors were allowed to probate claims, had not expired at the time of the trial. Defendant objected to this rebuttal testimony offered by plaintiffs, and the same was excluded. To this action of the court plaintiffs excepted. Judgment for defendant. Plaintiffs appeal. The opinion contains a further statement of the case.

*H. Cassedy,* for appellants.

On behalf of defendant it was urged below that, because there had been no administration on the estate, and because

the open account for supplies had not been probated at the time the cotton was appropriated to its payment, the settlement was not binding on the administratrix, who was one of the parties consenting to it. The law interposes no obstacle to the amicable settlement of a decedent's estate by the only parties interested in it—heirs and creditors. Such a settlement was proposed to be shown by the evidence which was excluded. Sections 2027, 2028, code 1880, have no application to the state of case presented. The entire estate descended to the heirs, subject only to the claims of creditors, and the heirs could make such disposition of it as they saw fit. In this case no one but appellants, the only creditors, had a right to object to the settlement, and they did not object, but insist on carrying it out. There is no merit whatever in the objection raised by defendant.

*R. H. Thompson*, for appellee.

1. Plaintiffs were incompetent, as witnesses, to establish their own claim against the estate. Since it does not appear by whom they proceeded to make the rebuttal proof, the objection was good because of their incompetency.

2. Plaintiffs did not propose to show the amount of the alleged unprobated account, or the amount of the alleged debt contracted by the widow and children of Rollins after his death. So, unless plaintiffs had the right to appropriate the cotton to either or both, the testimony offered was not sufficient to constitute a defense. Cotton more than sufficient to pay the notes sued on had been traced into their hands.

3. The offer to show that plaintiffs were the only creditors was a mere opinion, since the time of probating claims had not expired.

4. The cotton received by plaintiffs was the property of the estate of decedent. The delivery of the same by the widow and children, one of whom was a minor, constituted plaintiffs bailees of the property, but did not pay the debt.

due from the decedent. No one was at that time competent
to bind the estate as to its price.

COOPER, J., delivered the opinion of the court.

Whatever may have been, or may be yet, the right of the
plaintiffs against Charlotte Rollins and the adult distributees
of Peter Rollins, deceased, growing out of the transaction
sought to be proved by the plaintiffs, it cannot be enforced
in this action.

The appropriation of the proceeds of the cotton delivered
to the plaintiffs to the open account due by the intestate,
and to an account due by the widow and distributees,
was made under an agreement with them as distributees.
The present suit is against the representative of Peter Rol-
lins. In that estate an infant is equally interested with
each of the adults, who were parties to the negotiation
with the plaintiffs. The rights of this infant could not
be separated from those of the other distributees, and pro-
tected by the judgment of a court of law. Satisfaction of
any judgment rendered against the administratrix would
be made by sale of the property of the intestate, to the
prejudice not only of the adult distributees, who are not
parties to the suit, but also to that of the infant, who is not a
party to the suit, and had no connection with the transaction
sought to be proved. If the plaintiffs had offered to prove
the existence of another valid debt of the intestate of any
precise or named amount, to the satisfaction of which the
proceeds of the cotton had been applied, a different question
would have been presented. But this they did not propose
to do. Whether the open account due by the intestate, pro-
posed to be proved by the plaintiffs, was one dollar or five
dollars or five hundred dollars, is not suggested. The plaint-
iffs made a *prima facie* case by introducing the notes sued
on. The defendant then proved that she had delivered to
the plaintiffs cotton belonging to her intestate of greater
value than the sum due on the notes. The plaintiffs then

proposed to prove that the deceased, at his death, owed them another sum on open account, and afterwards the widow and adult distributees contracted a debt to plaintiffs, and that the sum of the open account due by the intestate, and the debt contracted by the widow and children, exceeded the value of the cotton. This may be true, and yet no right to recover on the notes sued on may have existed. For the value of the cotton exceeded the sum due on the notes, and, for aught that appears, or was offered to be proved, the amount due by the intestate on open account was not greater than the excess of the value of the cotton over the sum due on the notes, in which event, both account and notes would be paid. The agreement to apply the cotton to the account of the widow and adult distributees, leaving the notes a charge on the estate, was invalid and not enforceable against the representative of the estate.

*Affirmed.*